UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SUTA DOUANGPANYA, et al.,<br><br>Defendants. | Case No. 2:24-cv-02380-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 11) |

Pending before the Court is Plaintiff United States of America's motion for default judgment pursuant to Federal Rules of Civil Procedure 55(b)(2).[1] (ECF No. 11). This motion was reset for hearing for August 20, 2025 before the undersigned. (ECF No. 12.) Defendants Suta Douangpanya and Annie Douangpanya did not file a response to the motion, nor have they appeared in this case in any way. *See* Docket. On August 6, 2025, Plaintiff's motion was taken under submission without argument pursuant to Local Rule 230(g). 8/6/2025 Order (ECF No. 13). For the reasons stated below, the Court recommends Plaintiff's motion for default judgment be GRANTED, and that judgment be entered in favor of Plaintiff.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 302(c)(19).

## I. BACKGROUND

### A. Factual Allegations

Plaintiff brings this action to establish Defendants' personal liability for failure to comply with a levy issued by the Internal Service Revenue ("IRS") pursuant to 26 U.S.C. § 6332(d)(1). Compl. at 1 (ECF No. 1). From 2018 to 2019, the IRS assessed tax liabilities against delinquent taxpayer, The Car Czar Inc., for employment taxes (IRS Form 941) for tax periods ending September 30, 2018, December 31, 2018, June 30, 2019, and September 30, 2019. *Id*. ¶ 6-8. The IRS also assessed a civil penalty against The Car Czar Inc. for tax period ending December 31, 2019 for "intentionally disregarding its obligation" to file IRS Forms W3 and W2. *Id*. ¶ 8. Despite being given proper notice and demand for payment on these tax assessments, The Car Czar Inc. "neglected, refused, or failed to pay in full" the amounts owed. *Id*. ¶¶ 10-11. As of the date of the tax assessments, statutory liens for these tax assessments arose in favor of Plaintiff against all property or rights to property, whether real or personal, belonging to The Car Czar Inc. pursuant to 26 U.S.C. §§ 6321 and 6322. *Id*. ¶ 12.

On September 12, 2019, a Notice of Federal Tax Lien ("NFTL") on IRS Form 941 for the tax period ending September 30, 2018 was filed against The Car Czar Inc. Compl. ¶ 13. On January 30, 2020, a NFTL on IRS Form 941 for the tax period ending June 30, 2019 was filed against the Car Czar Inc. *Id*. On February 5, 2020, a NFTL on IRS Form 941 for the tax period ending September 30, 2019 was filed against the Car Czar Inc. *Id*. For each NFTL, the IRS issued an IRS Letter 3172 ("Notice of Federal Tax Lien Filing and Your Rights to a Hearing") to The Car Czar Inc. *Id*. ¶ 14. The Car Czar Inc. did not request a Collection Due Process Hearing ("CDP Hearing") on any of these federal tax liens. *Id*.

On August 14, 2019, the IRS issued an IRS Letter 1058 ("Final Notice of Intent to Levy and Notice of Your Right to a Hearing") to The Car Czar Inc. for tax period ending September 30, 2018. Compl. ¶ 15. On September 13, 2019, The Car Czar Inc. requested a CDP Hearing and on November 11, 2020, the IRS issued a notice of

determination that sustained the proposed levy action, which The Car Czar Inc. did not appeal. *Id*. ¶¶ 18-19. On February 17, 2020, February 24, 2020, June 29, 2022, and October 3, 2022, the IRS issued multiple IRS Letter 1058s to The Car Czar Inc. for tax periods ending December 31, 2018, June 30, 2019, September 30, 2019, and December 31, 2019. *Id*. ¶ 20. The Car Czar Inc. did not request a CDP Hearing. *Id*. ¶ 21.

On September 26, 2019, The Car Czar Inc. sold its business assets, including its name, to Defendants for $265,000, with a down payment of $20,000 and $245,000 to be paid in monthly installments of $3,462.81 for a seven-year period. Compl. ¶ 22. After the sale, The Car Czar Inc. no longer operated as an active business and Defendants formed Complete Auto Solutions LLC to operate the auto repair shop business originally under The Car Czar Inc. *Id*. ¶ 23. From 2020 to 2023, the IRS issued multiple IRS Form 668-A ("Notice of Levy") and IRS Form 668-W ("Notice of Levy on Wages") to Defendants for monthly levy payments due for The Car Czar Inc. *Id*. ¶¶ 24-28.

Between 2020 to 2022, Defendants made 16 monthly levy payments in the amount of $3,462.81 to the IRS, including several payments in November 2022 to catch up on previously missed months. *Id*. ¶¶ 27, 34; 7/14/2025 Yang Zong Declaration ¶¶ 9, 10 (ECF No. 11-2). Beginning January 2023, Defendants failed to make monthly levy payments and on March 16, 2023, the IRS issued a Final Demand for Payment to Defendants for failure to fully satisfy one of the levies. Compl. ¶ 35; Zong Decl. ¶ 10. As of July 14, 2025, the total amount owed by Defendants for the unpaid levy payments is $52,882.22, which includes costs and interest, calculated at the underpayment rate set forth in 26 U.S.C. § 6621, accruing from the date of the levy. Pl. Mot. at 2-3 (ECF No. 1-1); Zong Decl. ¶¶ 12-14.

**B.   Procedural Background**

On September 3, 2024, Plaintiff initiated this action asserting a single cause of action against Defendants for failure to honor an IRS levy pursuant to 26 U.S.C. § 6332(d)(1). Compl. ¶¶ 37-45. On October 4, 2024, Plaintiff filed proofs of service of summons and complaint on Defendants. (ECF Nos. 4, 5.) On December 15, 2024,

Plaintiff filed a request for entry of default against Defendants after Defendants failed to appear. (ECF No. 6.) The Clerk of the Court entered default as to Defendants on December 17, 2025. (ECF No. 7.) On July 14, 2025, Plaintiff moved for default judgment against Defendants. Pl. Mot. Defendants were served with Plaintiff's motion on July 15, 2025. *Id*. at 9. On July 15, 2025, on the Court's own motion, Plaintiff's motion was reset for an August 20, 2025 hearing before the undersigned. 7/15/2025 Order (ECF No. 12). After Defendants failed to respond to the motion for default judgment, on August 6, 2025, the Court issued an order taking Plaintiff's motion under submission; vacating the hearing; ordering a written response from Defendants by August 20, 2025; and directing Plaintiff to serve Defendants with a copy of the order. 8/6/2025 Order. On August 12, 2025, Plaintiff filed a proof of service indicating that Defendants were served on August 8, 2025 with a copy of the August 6, 2025 Order. (ECF No. 14.) Defendants did not respond. *See* Docket.

**II.     LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

    1.  the possibility of prejudice to the plaintiff;
    2.  the merits of the substantive claim(s);
    3.  the sufficiency of the complaint;
    4.  the amount of money at stake in the lawsuit;
    5.  whether there are any disputes of material fact;

4

6. whether the defendant's default was due to excusable neglect; and

7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### III. DISCUSSION

Plaintiff moves for default judgment against Defendants as to its only cause of action for failure to honor an IRS levy pursuant to 26 U.S.C. § 6332(d)(1). Pl. Mot. at 2. Plaintiff requests the Court enter judgment in favor of it in the amount of $52,882.22, plus statutory interest and other additions as provided by law, and that the amount be jointly and severally assessed against both Defendants. *Id*. at 6, 8.

#### A. Jurisdiction and Service

As a preliminary matter, a court considering whether to enter default judgment must first determine whether it has jurisdiction over both the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction. 28 U.S.C. § 1331. The Court has jurisdiction over matters in which the federal government is seeking to enforce federal tax laws. *See* 28 U.S.C § 1340; Pl. Mot. at 4. In addition, the Court has personal jurisdiction over Defendants, who appear to be California residents. *See* ECF Nos. 4, 5.

The Court also finds service was proper under Federal Rule of Civil Procedure 4. Here, a third-party process server attempted to serve Defendants at their residence on September 13, 2024, September 17, 2024, September 21, 2024, September 26, 2024, September 29, 2024, and October 2, 2024, but there was either no answer at the address or a co-resident indicated Defendants were not available. ECF Nos. 4 at 4; 5 at 4. On October 3, 2024, the third-party process server left a copy of the summons and Complaint with a John Doe at Defendants' residence. ECF Nos. 4 at 1; 5 at 1. The process server also mailed the same documents to Defendants' residence the same day. ECF Nos. 4 at 2; 5 at 2. Accordingly, Defendants were properly served through substitute service. *See* Cal. Civ. P. § 415.20.

### B.     *Eitel* Factors

For the following reasons, the Court finds that the *Eitel* factors weigh in favor of granting default judgment against Defendants.

#### 1.     Factor One: The Possibility of Prejudice to the Plaintiff

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment were not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. *See PepsiCo,* 238 F. Supp. 2d at 1177. Here, the Clerk of the Court entered default against Defendants on December 17, 2024 (ECF No. 7), and Defendants have not participated in the litigation despite being served with the Complaint, default judgment motion, and the Court's August 7, 2025 Order. *See* Docket. Plaintiff would suffer prejudice if the Court did not enter a default judgment. Accordingly, the first *Eitel* factor favors the entry of default judgment.

/ / /

### 2. Factors Two and Three: The Merits of the Claim and the Sufficiency of the Complaint

The merits of Plaintiff's substantive claim and the sufficiency of the Complaint are considered together due to the relatedness of the two inquiries. The Court must consider whether the allegations in the Complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Here, the merits of the claim and the sufficiency of the Complaint favor entry of default judgment.

Plaintiff moves for default judgment on its single claim for failure to honor an IRS levy pursuant to 26 U.S.C. § 6332(d)(1). *See* Pl. Mot. Pursuant to 26 U.S.C. § 6321, when a taxpayer fails or neglects to pay any tax after demand, a federal tax lien arises "in favor of the United States upon all property and rights to property, whether real or personal, belonging to [the taxpayer]." *See also Babb v. Schmidt*, 496 F.2d 957, 958 (9th Cir. 1974). The federal tax lien arises on the date of assessment of the unpaid tax. 26 U.S.C. § 6321. "If any person liable for any tax neglects or refuses to pay the [tax] within 10 days after notice and demand, [the IRS may proceed] to collect such tax [ ] by levy upon all property and rights to property" of the delinquent taxpayer. 26 U.S.C. § 6331(a). Any person in possession of property belonging to a delinquent taxpayer upon which a levy has been made must also, upon demand, surrender such property to the IRS. 26 U.S.C. § 6332(a). A person who fails to surrender property subject to a levy, upon demand, incurs personal liability to the government for his refusal. 26 U.S.C. § 6332(d)(1); *see also Farr v. United States*, 990 F.2d 451, 456 (9th Cir. 1993) ("As the Supreme Court has indicated, the party in possession has limited defenses to a levy on a taxpayer's property interests and will proceed at his own peril if he refuses to honor the levy.").

Here, Plaintiff has sufficiently alleged the IRS made tax assessments against The Car Czar Inc. for the 2018 to 2019 tax years. Compl. ¶¶ 6-8. Plaintiff also alleges The Car Czar Inc. was provided proper notice and demand for payment on the tax

assessments and that The Car Czar Inc. "neglected, refused, or failed to pay in full" the amounts owed. *Id*. ¶¶ 10-11. Plaintiff further alleges that after The Car Czar Inc. was sold to Defendants for $265,000, with a down payment of $20,000 and $245,000 to be paid in monthly installments of $3,462.81 for a seven-year period, the IRS issued multiple Notices of Levy and Notices of Levy on Wages to Defendants for monthly levy payments due for The Car Czar Inc. *Id*. ¶¶ 22-28. Therefore, Plaintiff alleges Defendants were in possession of property (i.e., monthly installments of $3,462.81 owed to The Car Czar Inc.) subject to an IRS levy. Pl. Mot. at 5. Plaintiff further alleges despite Defendants making monthly levy payments between 2020 to 2022, and Defendants receiving a Final Demand for Payment, Defendants "failed or refused to surrender property" belonging to The Car Czar Inc. by failing to make monthly levy payments to the IRS beginning January 2023. Compl. ¶ 44; *see also Id*. ¶¶ 27, 34-35, 41-44. As a result, Plaintiff alleges Defendants have refused to honor the IRS levy and are therefore personally liable to Plaintiff for their refusal. *Id*.¶ 45. Taken as true, the Court finds the allegations of the Complaint are sufficient and state a meritorious claim. Accordingly, the Court finds that these two factors weigh in favor of granting default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. *PepsiCo,* 238 F. Supp. 2d at 1176. The sum of money at stake here is significant, though not unreasonable as it is directly connected to tax liabilities. Accordingly, the fourth *Eitel* factor favors the entry of default judgment.

### 4. Factor Five: The Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and Plaintiff has provided the Court with well-pleaded allegations and documentation supporting its claim. *See generally* Compl. Here, the Court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, and thus, there is no likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't*

8

*Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003); *PepsiCo*, 238 F. Supp. 2d at 1177. Accordingly, the fifth *Eitel* factor favors the entry of default judgment.

     5. <u>Factor Six: Whether Default was Due to Excusable Neglect</u>

  Upon review of the record before the Court, there is no indication that the default was the result of excusable neglect. *See PepsiCo*, 238 F. Supp. 2d at 1177. Plaintiff served Defendants with the summons and the Complaint. (ECF Nos. 4, 5.) Plaintiff also served Defendants with its motion for default judgment and with the Court's August 6, 2025 Order. Pl. Mot. at 9; ECF No. 14. Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendants have failed to participate in this action or to defend themselves. Accordingly, the sixth *Eitel* factor favors the entry of default judgment.

     6. <u>Factor Seven: The Strong Policy Favoring Decisions on the Merits</u>

  "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although the Court is cognizant of the policy favoring decisions on the merits, that policy does not, by itself, preclude the entry of default judgment where a defendant fails to appear or defend itself in an action. *See PepsiCo*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

     7. <u>Conclusion</u>

  Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendants as to its claim for failure to honor an IRS levy. The Court next determines the amount of damages to which Plaintiff is entitled.

///

### C. Terms of Judgment

Plaintiff seeks a judgment in favor of it in the amount of $52,882.22 plus statutory interest and additions running from July 14, 2025, until fully satisfied and that the amount be jointly and severally assessed against both Defendants. Pl. Mot. at 6, 8. In support of its request, Plaintiff has submitted evidence demonstrating that as of July 14, 2025, Defendants' unpaid tax liabilities totaled to $52,882.22. Zong Decl. ¶¶ 12-13. Plaintiff has also included a copy of the IRS accrual computation as of July 14, 2025 showing the calculated amounts using IRS internal records that track interest and additions. Zong Decl., Exh A. The Court finds Plaintiff has met its burden of demonstrating that it should be awarded $52,882.22 pursuant to 26 U.S.C. § 6332(d)(1) plus interest and additions, and therefore recommends granting this request.

## IV. CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that the Clerk of the Court randomly assign a district judge to this action.

It is further HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 11) be GRANTED;
2. Plaintiff be awarded $52,882.22 pursuant to 26 U.S.C. § 6332(d)(1), plus statutory interest and additions running from July 14, 2025, until paid in full, and this amount be jointly and severally assessed against both Defendants; and
3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time

1 | may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,
2 | 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 10, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, usa2380.24